# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 17, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN E. MEADOWS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1084** (BOR Appeal No. 2049399)
(Claim No. 2011004094)

**COBALT COAL CORPORATION MINING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John E. Meadows, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cobalt Coal Corporation Mining, Inc., by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 25, 2014, in which the Board affirmed an April 18, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 2, 2013, decision denying Mr. Meadows's authorization for Brachial Plexus Injections and ongoing care. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Meadows worked as a mine foreman for Cobalt Coal Corporation Mining, Inc., when he suffered a neck injury while moving mining cable. The claim was held compensable for cervical spine strain and thoracic spine strain. Marc Swanson, M.D., treated Mr. Meadows from July 26, 2011, until April 16, 2013, and requested authorization for Brachial Plexus Injections and ongoing care. Paul Bachwitt, M.D., performed an independent medical evaluation and found that no further treatment is needed for the compensable injury. The claims administrator denied authorization for Brachial Plexus Injections and ongoing care requested by Dr. Swanson based

1

on Dr. Bachwitt's findings. Prasadarao B. Mukkamala, M.D., performed an independent medical evaluation and concluded that Mr. Meadows has reached maximum medical improvement and no further treatment or diagnostic testing other than a home exercise program is needed. Dr. Mukkamala found that there is no indication for the Brachial Plexus Injections and that Mr. Meadows's current symptoms are related to degenerative conditions that are not compensable. Mr. Meadows has two pre-existing work-related injuries to his neck and cervical area, one occurred in March of 2003 and one in October of 2007. Both of Mr. Meadows's claims for these injuries were held compensable, and he received at least one prior permanent partial disability award.

The Office of Judges affirmed the claims administrator's decision and found that based upon a preponderance of evidence, Mr. Meadows has failed to show that the requested treatment is medically related and reasonably required in treatment of his compensable conditions. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Meadows disagrees and asserts that the Board of Review erroneously concluded that the treatment being provided and authorization that is requested are for degenerative changes unrelated to the compensable injury. Cobalt Coal Corporation Mining, Inc., maintains that Dr. Bachwitt found Mr. Meadows has reached maximum medical improvement and that Dr. Bachwitt's conclusion is supported by Mr. Meadows's condition not significantly improving with Dr. Swanson's years of "opioids and injections" treatment and by the MRI reports of record, which establish the pathology in Mr. Meadows's cervical spine is pre-existing, progressive, and degenerative in nature. Cobalt Coal Corporation Mining, Inc., further maintains that the treatment sought grossly exceeds the guidelines in West Virginia Code of State Rules § 85-20 (2006) that provide the expected recovery period for a cervical strain is four to eight weeks and not to exceed twelve weeks since Mr. Meadows's injury happened in 2010.

Mr. Meadows was examined by three physicians, Dr. Bachwitt, Dr. Mukkamala, and Dr. Swanson. Dr. Swanson found the requested treatment was somewhat related to Mr. Meadows's compensable injury and testified that he was treating Mr. Meadows for significant cervical neuroaxial disease which was pre-existing and aggravated by the injury in this claim. However, Dr. Bachwitt concluded that Mr. Meadows has reached maximum medical improvement and no further treatment is needed for the compensable cervical and thoracic sprains/strains. Dr. Mukkamala determined that there was no indication for brachial injections and that Mr. Meadows's current symptoms are related to degenerative conditions that are not compensable. The Office of Judges concluded that the findings of Dr. Bachwitt and Dr. Mukkamala are most persuasive particularly because Dr. Swanson is treating Mr. Meadows for cervical neuroaxial disease which is not a compensable condition. The Office of Judges found that based upon a preponderance of evidence, Mr. Meadows has failed to show that the requested treatment is medically related and reasonably required in treatment of his compensable conditions.

The Board of Review agreed with the Office of Judges. This Court agrees with the Board of Review because Dr. Swanson is treating Mr. Meadows for a non-compensable condition. The only other two physicians of record who opined whether the treatment is medically necessary for the compensable injury both found that Mr. Meadows has reached maximum medical improvement and does not need further treatment for the compensable injury.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 17, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3